(No. 5367—

REMINGTON OFFICE SYSTEMS, DIVISION OF SPERRY RAND CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 20, 1967.*

REMINGTON OFFICE SYSTEMS, DIVISION OF SPERRY RAND CORPORATION, Claimant, pro se.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant seeks to recover from respondent the sum of $182.29 for materials sold to respondent in 1965 for which claimant failed to invoice respondent until November of 1966. The Departmental Report of the Division of Highways of the Department of Public Works and Buildings reads as follows:

"In April and May, 1965, the State of Illinois, through its Department of Public Works and Buildings, Division of Highways, contracted with Remington Office Systems, Division of Sperry Rand Corporation, for certain office materials to be furnished the District 10 office of the Division of Highways in Chicago.

"The materials, consisting of file folders and guides, were ordered by a Division employee with proper authority, the materials were received in good condition, and the charges therefor were reasonable.

"No part of the bill of $182.29 has been paid, and the only reason it cannot now be paid is that the appropriation therefor has lapsed.

"As of September 30, 1965, there was an unobligated balance of sufficient amount in the appropriation from which claimant's invoice could and would have been paid.

R. E. Bowermaster
Controller
By A. R. Tomlinson
Supervisor of Claims"

A stipulation of facts by and between claimant and respondent was filed herein on the 15th day of February, 1967. It clearly states that the material was received in good condition, and that neither party objects to the entry of an order in favor of claimant and against respondent in the sum of $182.29.

It appears to the Court that this is a contract for

the furnishing of materials where the contract was properly entered into, the services have been satisfactorily performed, or material properly furnished in accordance with the order, and proper charges were made therefor, but that the appropriation for payment of the same had lapsed prior to the presentment of the invoice. Our Court has repeatedly held that it would enter an award for the amount due under such circumstances.

Claimant is hereby awarded the sum of $182.29.